UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK, N.A., SUCCESSOR TO | ) | |
| STATE STREET BANK AND TRUST | ) | |
| COMPANY, AS TRUSTEE FOR THE | ) | |
| REGISTERED HOLDERS OF J.P. | ) | CIVIL ACTION NO. |
| MORGAN CHASE COMMERCIAL | ) | |
| MORTGAGE SECURITIES CORP., | ) | 3:06-CV-1805-G |
| MORTGAGE PASS-THROUGH | ) | |
| CERTIFICATES, SERIES 2001-CIBCI, | ) | **ECF** |
| ACTING BY AND THROUGH ITS | ) | |
| SPECIAL SERVICER, CWCAPITAL | ) | |
| ASSET MANAGEMENT L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| CITY OF IRVING, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is the motion by the plaintiff U.S. Bank, N.A. ("U.S. Bank" or

"the plaintiff") to remand this suit to the state court from which it was removed.  For

the reasons state herein, U.S. Bank's motion to remand is granted in part and denied

in part.

## I.  BACKGROUND

This case arises from a city order finding that several buildings situated on the plaintiff's property were uninhabitable and ordering the plaintiff to vacate the property.  U.S. Bank, as trustee, is the owner of a loan secured by certain real property within the City of Irving Texas; situated upon the property is an apartment complex.  Plaintiff's Original Petition and Application for Temporary Restraining Order and Injunctive Relief ("Petition") ¶¶ 7, 10, *attached to* Notice of Removal, *at* Tab B.  At a hearing on August 31, 2006, following a series of transactions and hearings not relevant to the instant motion, the City of Irving Building and Standards Commission ("the Commission") found the property to be in violation of Chapter 8A of the Irving Multi-Family Minimum Housing Code.  *Id.* ¶ 67.  The Commission ordered U.S. Bank to vacate three of the apartment buildings.  *Id.* ¶ 68.

This case by U.S. Bank ensued, naming as defendants the Commission, the City of Irving ("the City"), and Chris Emery ("Emery") (collectively, "the defendants").  The plaintiff asserts both state and federal claims, including a petition for review by the state district court of the Commission's decision pursuant to section 8A-33.1 of the Irving Multi-Family Minimum Housing Code; violations of substantive and procedural due process rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution; wrongful seizure of property in violation of the Fourth Amendment of the United States Constitution; inverse

condemnation in violation of the Fifth Amendment of the United States

Constitution; violations of equal protection rights guaranteed by the Fourteenth

Amendment of the United States Constitution; deprivation of rights under 42 U.S.C.

§ 1983; violations of the due course clause of the Texas Constitution; violations of

the Texas private real property rights preservation act; and tortious interference.

Petition ¶¶ 77-140.  The defendants removed the case to this court pursuant to 28

U.S.C. §§ 1441 and 1446 on the basis of a federal question.  This motion to remand

followed.

## II.  ANALYSIS

### A.  The Legal Standard for Removal

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a

State court of which the district courts of the United States have original

jurisdiction."  Under this statute, "[a] defendant may remove a state court action to

federal court only if the action could have originally been filed in the federal court."

*Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 876 F.2d

1157, 1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990) (citations omitted).

Removal jurisdiction must be strictly construed, however, because it "implicates

important federalism concerns."  *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th

Cir. 1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir.

1988).  Furthermore, "any doubts concerning removal must be resolved against

removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941); *Healy v. Ratta*, 292 U.S. 263, 270 (1934). The burden of establishing federal jurisdiction is on the party seeking removal. *Frank*, 128 F. 3d at 921-22; *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: (1) the existence of a federal question and (2) complete diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331, 1332. District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Frank*, 128 F.3d at 922.

Typically, whether an action should be remanded to state court must be resolved by reference to the plaintiff's pleading at the time of removal. *State of Texas v. Alliance Employee Leasing Corporation*, 797 F. Supp. 542, 544 (N.D. Tex. 1992). If the court can make this determination by reference to the plaintiff's petition alone, the court need not go further. However, should a district court need to go beyond the pleadings to assess the propriety of removal, it may do so. *Id*. Here, the defendants allege only federal question jurisdiction, and the parties are not in disagreement that federal claims have been asserted. The plaintiff, however, contends that the federal takings clause claim is not ripe for adjudication under *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985), and its

- 4 -

progeny.  Specifically, U.S. Bank avers that the takings claim is not ripe because U.S. Bank has not yet been denied just compensation.  According to the plaintiff, because the takings clause claim is not ripe and because all other federal claims are subsumed by the takings clause claim, federal jurisdiction does not exist.  Plaintiff's Brief in Support of Motion to Remand at 4.

In *Williamson County*, the Supreme Court held that "a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property" and "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation."  *Id.* at 186, 195.  The Fifth Circuit has articulated this two-prong ripeness test stating that "[a] takings claim is not ripe until (1) the relevant government unit has reached a final decision as to what will be done with the property and (2) the plaintiff has sought compensation through whatever adequate procedures the state provides."  *Sandy Creek Investors, Ltd. v. City of Jonestown, Texas*, 325 F.3d 623, 626 (5th Cir. 2002); see also *John Corporation v. City of Houston*, 214 F.3d 573, 583-84 (5th Cir. 2000).  The parties are in agreement that the government unit has reached a final decision regarding what will be done with the property.  *See* Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to

Remand and Brief in Support at 3.  However, U.S. Bank contends that its federal claims fail the second prong of the ripeness test.  The plaintiff argues that the inverse condemnation proceeding asserted in the state court is the proper manner to obtain just compensation, as prescribed by state law, for the alleged taking and that until the inverse condemnation proceedings are concluded, there has been no failure to provide just compensation.  *See* Plaintiff's Brief in Support of Motion to Remand at 6.

The Texas Constitution provides that "[n]o person's property shall be taken . . . for or applied to public use without adequate compensation being made."  Tex. Const. art. I, § 17.  In Texas, the procedure for seeking just compensation is a suit for inverse condemnation prosecuted in the state district courts.  See *VRC, L.L.C. v. City of Dallas*, 391 F. Supp. 2d 437, 439-40 (N.D. Tex. 2005) (Boyle, J.).  Even if the plaintiff asserts its inverse condemnation action and federal constitutional claims in the same proceeding, the federal district court is precluded from hearing the federal constitutional claims on ripeness grounds.  *Id.* (citing *Samaad v. City of Dallas*, 940 F.2d 925, 934 (5th Cir. 1991)).

As was true in *VRC*, the federal takings claim is not ripe for adjudication until U.S. Bank has exhausted its state procedural remedies, namely the inverse condemnation action.  Accordingly, the plaintiff's Fifth Amendment federal claim is not ripe for adjudication and this court does not have subject matter jurisdiction over said claim.  However, the plaintiff's takings clause claim is not the only federal

question presented in the petition.  U.S. Bank asserts claims relating to its federal rights to substantive due process, procedural due process, equal protection, freedom from illegal seizures, as well as a claims for violation of 42 U.S.C. § 1983 and for attorneys' fees pursuant to § 1988.  According to U.S. Bank, because these additional federal claims are subsumed by the takings clause claim, they are similarly unripe.

If the plaintiff's takings clause claim is not ripe for adjudication and the other federal claims are subsumed by or contingent upon establishing the takings clause claim, then such other federal claims are not ripe for adjudication.  See *Sandy Creek Investors, Ltd.*, 325 F.3d at 626.  A claim for a violation of substantive due process rights under the Fourteenth Amendment of the United States Constitution is not necessarily subsumed by a takings clause claim; however, when the substantive due process claim is framed only as a takings claim, the substantive due process claim is not ripe for adjudication.  *Id.*  Similarly, when a claim for procedural due process is asserted with regard to an illegal taking, the court cannot adjudicate whether additional procedure was necessary until it has been determined that a taking occurred without just compensation.  *John Corporation*, 214 F.3d at 585.  A violation of § 1983 for an allegedly unconstitutional taking of property cannot exist until a claim for just compensation using available state procedures has been denied.  *Sandy Creek Investors, Ltd.*, 325 F.3d at 626.

Upon a reading of the petition as a whole, it is clear that four of the additional federal claims -- substantive due process, procedural due process, violation of § 1983, and attorneys' fees pursuant to § 1988 -- are subsumed by and contingent upon the resolution of the state inverse condemnation proceedings.  That is, until the state procedure seeking just compensation has been exhausted, these claims are not ripe, and the court is without jurisdiction to adjudicate these federal claims.  Accordingly, the plaintiff's substantive due process, procedural due process, § 1983, and § 1988 claims must be remanded to state court.  The same, however, is not true for U.S. Bank's Fourth Amendment and equal protection claims.

The Fourth Amendment wrongful seizure claim, as articulated, is not subsumed by the plaintiff's takings clause claim.  The petition alleges that the Commission's order on August 31, 2006 "is an attempt to seize [the] Plaintiff's Property, without the issuance of a warrant, all in violation of the U.S. Constitution's protections against such wrongful warrantless seizures."  Petition ¶ 96.  While the facts surrounding the Fourth Amendment claim stem from the same series of events as the takings clause claim, the cause of action is wholly separate.  A determination regarding just compensation is not required to determine if a warrantless seizure occurred.  See *United States v. Williams*, 617 F.2d 1063, 1074 (5th Cir. 1980) (to recover under a Fourth Amendment claim for illegal seizure, the court must determine whether the government acted under statutory authority and, if so,

whether the seizure was reasonable).  The existence of a takings clause violation is not a prerequisite to proving that an unconstitutional seizure occurred.

Similarly, U.S. Bank's equal protection clause claim is not subsumed by the takings clause claim.  The plaintiff alleges "[t]he City has singled out [the] Plaintiff from other owners and operators of apartment complexes without a rational basis.  In particular, the August 31 Order seeks to treat the Property differently from the fifty other apartment complexes in Irving, Texas that are of the same age and condition as the Property."  Petition ¶ 104.  To demonstrate that the city ordinances as applied to the plaintiff violated U.S. Bank's right to equal protection under the law, U.S. Bank must show that the defendants acted without a rational basis in treating it differently from similarly situated property owners.  See *Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 503 (5th Cir. 2006).  Whether the plaintiff's property was taken without just compensation is unnecessary to this determination.

The court finds that the takings clause, substantive due process, procedural due process, § 1983, and § 1988 claims are not ripe for adjudication; thus, this court is without jurisdiction to hear these claims.  Accordingly, these five claims are remanded to the state court.  The court further finds that the Fourth Amendment and equal protection claims are separate from the takings clause claim and are ripe for adjudication.  Therefore, the court has jurisdiction over these two federal claims and

retains both claims.  The question then becomes whether this court should exercise its

discretion to exercise supplemental jurisdiction over the plaintiff's state law claims.

### B.  Supplemental Jurisdiction Under 28 U.S.C. § 1367

Title 28, section 1367(c)(2) provides that "district courts may decline to

exercise supplemental jurisdiction over a claim . . . if . . . the claim substantially

predominates over the claim . . . over which the district court has original

jurisdiction."  The applicable removal statute, 28 U.S.C. § 1441(c), reiterates this

discretion:

> Whenever a separate and independent claim or cause of
> action within the jurisdiction conferred by section 1331 of
> this title is joined with one or more otherwise
> non-removable claims or causes of action, the entire case
> may be removed and the district court may determine all
> issues therein, or, in its discretion, may remand all matters
> in which State law predominates.

Though the court has jurisdiction over U.S. Bank's equal protection and

Fourth Amendment claims, this court, in it discretion, finds that the state law claims

predominate over these two federal claims.  Thus, the court will not exercise

supplemental jurisdiction over the state law claims.  In the interests of comity,

judicial economy, and convenience, the court remands the state law claims.  Thus the

court retains only the plaintiff's equal protection claim and Fourth Amendment

claim.

III.   <u>CONCLUSION</u>

For the above stated reasons, the plaintiff's motion to remand is **GRANTED** in part and **DENIED** in part.  This court will decline, pursuant to 28 U.S.C. § 1367(c)(2), to exercise jurisdiction over the plaintiff's state law claims.  This court concludes that it lacks jurisdiction over the plaintiff's takings clause, substantive due process, procedural due process, 42 U.S.C. § 1983, and 42 U.S.C. § 1988 claims.  It is therefore **ORDERED** that the plaintiff's state law claims and these federal claims are **REMANDED** to the **191st Judicial District Court, Dallas County, Texas**. The clerk shall mail a certified copy of this memorandum opinion and order to the district clerk of Dallas County, Texas.  28 U.S.C. § 1447(c).

It is further **ORDERED** that this court will retain jurisdiction over the plaintiff's equal protection claim and Fourth Amendment claim.

April 2, 2007.

_____
A. JOE FISH
CHIEF JUDGE